IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | ) | |
|---|---|---|
| LEONIA ALLEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV17 |
| | ) | |
| FEDERAL EXPRESS CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

OSTEEN, JR., District Judge.

Presently before the court is Defendant Federal Express Corporation's Motion to Dismiss Plaintiff Leonia Allen's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9.) Plaintiff filed a Memorandum of Law in Opposition of Defendant's Motion to Dismiss (Doc. 14), and Defendant filed a Reply Memorandum (Doc. 16). On September 3, 2009, the parties appeared in front of this court for a hearing. At the hearing, both parties agreed that the affidavit and exhibits (Doc. 10-2) submitted by Defendant in support of its Motion to Dismiss could be considered by this court without converting the motion into one for summary judgment.

For the reasons set forth below, Defendant's Motion to Dismiss will be granted in part and denied in part. Plaintiff's claims for Title VII discrimination, violation of the FMLA,

wrongful termination, and negligent infliction of emotional distress will be dismissed, but Plaintiff's claim for Title VII retaliation will not be dismissed.

**I.  Background**

The following facts are presented in the light most favorable to Plaintiff Leonia Allen.  Plaintiff is an African American female with Grave's Disease.  She applied for employment with Defendant Federal Express Corporation ("FedEx") on July 25, 1997, and, in conjunction with her employment application, signed a two-page Employment Agreement. (Decl. of F. Douglas (Doc. 10) Ex. A at 8-9.)  Paragraph 15 of that agreement, located above the signature line, provides in part: "To the extent the law allows an employee to bring legal action against Federal Express Corporation, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first."  (Id. at 9.)

Plaintiff was hired as a courier by FedEx in August 1997. (Compl. (Doc. 1-5) ¶ 5.)  She later worked as a dispatcher in the Research Triangle Park office, where she experienced some friction with a fellow dispatcher, John Carr.  According to her complaint, Mr. Carr "sabotage[d] Mrs. Allen's work as a dispatcher including but not limited to phone calls, courier decisions, assigning pick-ups, and deliveries."  (Id. ¶ 20.) Plaintiff alleges that she complained to several managers about

2

Mr. Carr's behavior, but contends that nothing was done to correct Mr. Carr's actions. (Id. ¶¶ 21-32.) Even after complaining to a new manager in 2004, Plaintiff "would cry on her way to work and not want to go to work. She was also having anxiety attacks with heart palpitations and nervousness." (Id. ¶ 39.) Although Plaintiff continued to complain about a hostile and stressful work environment, she alleges that she "did not see any differences in her work environment." (Id. ¶¶ 42-48.)

Eventually, Plaintiff left work under the Family Medical Leave Act (FMLA) "due to the stress of her work environment exacerbating the condition of her Grave's Disease." (Id. ¶ 49.) Upon her return, Plaintiff was given "all the late shifts with no rotation and her hours were cut." (Id. ¶ 53.) In April 2006, Plaintiff "suffered an assault from Mr. Carr because she went to human resources and filed a complaint against him." (Id. ¶ 56.) Plaintiff alleges that FedEx did nothing to correct the situation and even that FedEx discouraged two witnesses to the assault from coming forward. Plaintiff filed her first discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on July 19, 2006, alleging discrimination based on race and disability from February 1, 2006 until the time of the EEOC charge filing. (Def.'s Mem. in Support of Mot. to Dismiss (Doc. 10) Ex. B.)

On April 3, 2007, FedEx terminated Plaintiff for making threatening gestures, although Plaintiff alleges that she merely

3

"held her hand up to her head and put her finder [sic] to her temple in a vertical motion showing [a coworker] that Ms. Wojick was driving her crazy." (Compl. (Doc. 1-5) ¶ 59-61.) Plaintiff filed a second EEOC charge on May 7, 2007, alleging that she was discharged in retaliation for filing a previous charge of employment discrimination against FedEx. (Def.'s Mem. in Support of Mot. to Dismiss (Doc. 10) Ex. D.)

On September 25, 2008, Plaintiff filed this lawsuit in the General Court of Justice, Superior Court Division, Durham County. Defendant subsequently removed the case to the United States District Court for the Middle District of North Carolina. Plaintiff's Complaint alleges Title VII race discrimination and retaliation, wrongful termination, negligent infliction of emotional distress, and violation of the FMLA. Defendant now seeks dismissal of Plaintiff's claims.[1]

---

[1] Defendant's actual motion to dismiss (Doc. 9) "requests that the Court dismiss four out of five claims, including Title VII race discrimination, FMLA, wrongful termination in violation of public policy, and negligent infliction of emotional distress." (Def.'s Mot. to Dismiss 2.) However, in its memorandum (Doc. 10), Defendant argues that Plaintiff's Title VII retaliation claim should also be dismissed. (Def.'s Mem. in Support of Mot. to Dismiss 8-9.) Likewise, in its reply memorandum (Doc. 16), "FedEx requests that the court dismiss all Plaintiff's claims in their entirety." (Reply Mem. 5 (emphasis added).) As this court will not dismiss Plaintiff's retaliation claim, it is unnecessary to further discuss Defendant's intention.

4

**II. Legal Standard**

Defendant moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Attached to its Motion to Dismiss, Defendant has submitted six exhibits as well as an affidavit authenticating the exhibits. (Decl. of F. Douglas and Exhibits 1-6 (Doc. 10-2).) Specifically, Exhibit A is a copy of the Application for Employment completed and signed by Plaintiff in July 1997. Exhibits B and D are copies of Plaintiff's Charges of Discrimination to the EEOC, and Exhibits C and E are copies of the Notices of Right to Sue issued by the EEOC. Exhibit F is a copy of Plaintiff's Application and Order Extending Time to File Complaint. At the September 3, 2009 hearing, both parties agreed that all of these documents could be considered by this court without converting the motion into one for summary judgment, and this court agrees.

When analyzing a Rule 12(b)(6) motion, the pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A court should not grant the motion if the plaintiff can show "any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007) (citation omitted).

5

A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir. 1978). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

**III. Analysis**

Defendant seeks dismissal of Plaintiff's Title VII claim of race discrimination because Plaintiff failed to file a civil action within ninety days after a right-to-sue letter on the race claim was issued. In its memorandum, Defendant also suggests that Plaintiff's Title VII retaliation claim should be dismissed because the lawsuit was also not filed within ninety days of receipt of a right-to-sue letter, even though Plaintiff secured an extension under Rule 3 of the North Carolina Rules of Civil Procedure. Defendant further argues that Plaintiff's FMLA, wrongful termination, and negligent infliction of emotional

6

distress claims are barred by the six-month contractual limitations period contained in Plaintiff's employment agreement with FedEx.

A. <u>Title VII Claims</u>

Defendant first argues that Plaintiff failed to bring a civil action under Title VII within ninety days of when her right-to-sue letters were issued. As mentioned above, Plaintiff filed her first EEOC complaint on July 19, 2006, alleging discrimination based on race and disability. (Def.'s Mem. in Support of Mot. to Dismiss (Doc. 10) Ex. B.) Plaintiff was mailed a right-to-sue letter on August 28, 2007. (<u>Id.</u> at Ex. C.) Plaintiff filed a second EEOC charge on May 7, 2007, alleging retaliation. (<u>Id.</u> at Ex. D.) She was issued her second right-to-sue letter on June 9, 2008. (<u>Id.</u> at Ex. E.) On September 5, 2008, Plaintiff filed an application and order, under Rule 3 of the North Carolina Rules of Civil Procedure, extending by twenty days the time she had to file her complaint. Plaintiff filed this lawsuit on September 25, 2008.

It is undisputed that Plaintiff did not file suit within ninety days of receipt of her first right-to-sue letter. Plaintiff's memorandum does not cite any legal authority for its assertion that the discrimination claim should not be dismissed.[2]

---

[2] Plaintiff's counsel essentially conceded these points at the September 3, 2009 hearing and did not object to dismissal of
(continued...)

7

(Pl.'s Mem. in Opp'n of Def.'s Mot. to Dismiss (Doc. 14) at 3.) An EEOC charge defines the scope of a plaintiff's right to institute a civil suit. Even assuming that Plaintiff's second EEOC charge was properly filed, it does not include any allegations of discrimination. Only retaliation is alleged, and therefore Plaintiff can only litigate her retaliation claim. See Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) ("[t]he factual allegations made in formal litigation must correspond to those set forth in the administrative charge."); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132-33 (4th Cir. 2002) (Title VII retaliation claims barred when EEOC charge only alleged discrimination based on race). For these reasons, the claim of Title VII discrimination alleged in Plaintiff's first EEOC charge should be dismissed.

Defendant further argues that Plaintiff's Complaint was also filed more than ninety days after issuance of her second right-to-sue letter, and thus her retaliation claim should also be dismissed. As discussed above, Plaintiff was issued her second right-to-sue letter on June 9, 2008. On September 5, 2008, Plaintiff filed an application and order extending by twenty days her time to file her complaint under Rule 3 of the North Carolina Rules of Civil Procedure. Plaintiff claims that she then had

---

²(...continued)
this claim.

until September 25, 2008 to file her complaint, and on that date she properly filed her complaint.  Defendant recognizes the existence of Rule 3, but argues that "no explanation of justification for failing to file within 90-days was provided" and suggests that Plaintiff "failed to issue a summons before the expiration of the 90-day period" as is required by Rule 3. (Def.'s Mem. in Support of Mot. to Dismiss (Doc. 10) 8.)

Rule 3 of the North Carolina Rules of Civil Procedure provides that an action may be commenced by the issuance of a summons when "[a] person makes an application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days" and "[t]he court makes an order stating the nature and purpose of the action and granting the requested permission." N.C. R. Civ. P. 3(a). "Merely filing an application for extension of time is insufficient; a plaintiff must have a summons issued within the relevant statutory period to sustain his claims."  Lassiter v. LabCorp Occupational Testing Servs., Inc., 337 F. Supp. 2d 746, 751-52 (M.D.N.C. 2004); see also Beall v. Beall, 156 N.C. App. 542, 547, 577 S.E. 2d 356, 360 (2003) (affirming dismissal of claims because even though plaintiff filed a Rule 3 extension, summons was not issued until after the relevant statute of limitations expired).

9

A review of the record reveals that a "Civil Summons to be Served with Order Extending Time to File Complaint" was issued in the General Court of Justice, Superior Court Division, Durham County, on September 5, 2008, within the ninety-day period after Plaintiff's second right-to-sue letter was issued. (Notice of Removal (Doc. 1) Ex. A.) Therefore, Plaintiff's retaliation claim will not be dismissed, since the extension order was granted and a summons was issued within the ninety-day period after Plaintiff's second right-to-sue letter was issued.

Defendant further contends that Plaintiff should not be given the benefit of Rule 3, as it "is contrary to the clear language and intent of Title VII." (Def.'s Mem. in Supp. of Mot. to Dismiss (Doc. 10) 8.) However, a court in this district has previously held that a plaintiff may initiate a Title VII action in a North Carolina state court utilizing either means set forth in Rule 3 of the North Carolina Rules of Civil Procedure, as 42 U.S.C. § 2000e-5(f)(1) does not specify that the filing of a complaint is necessary to commence an action. Lassiter, 337 F. Supp. 2d at 752 (M.D.N.C. 2004). See also Sheaffer v. County of Chatham, 337 F. Supp. 2d 709, 725 (M.D.N.C. 2004) (Rule 3 procedure can properly be used in North Carolina state courts to extend the time in which to file claims under the ADA). This court finds these cases persuasive and concludes that Plaintiff

10

brought the current Title VII retaliation action in a timely manner, and this claim will not be dismissed.

> B. FMLA, Wrongful Termination, and Emotional Distress Claims

Defendant next argues that Plaintiff's FMLA, wrongful termination, and negligent infliction of emotional distress claims are barred by the six-month contractual limitations period contained in the Employment Agreement signed by Plaintiff on July 25, 1997. Defendant points to Badgett v. Federal Express Corp., 378 F. Supp. 2d 613 (M.D.N.C. 2005), where another court in this district upheld the six-month contractual statute of limitation contained in the same FedEx employment agreement. Indeed, in Badgett, the court held that "the federal law and North Carolina law allow the parties to contractually agree to shorter limitations periods than those provided by statute." Badgett, 378 F. Supp. 2d at 623. Furthermore, the court held that the limitations clause did not violate North Carolina or federal law and was reasonable under the circumstances present in that case. Id. at 626.

This court finds the reasoning set forth in Badgett to also be persuasive on the facts of this case. This court further finds unpersuasive Plaintiff's argument that the court should set aside the limitations period by applying the doctrine of equitable tolling or equitable estoppel. (Pl.'s Mem. in Opp'n to

11

Def.'s Mot. to Dismiss (Doc. 14) 6.)  Plaintiff's Complaint does not sufficiently allege facts that, even if proven true, would cause this court to not apply the limitations period under either theory.  Finally, at the September 3, 2009 hearing, Plaintiff's counsel essentially conceded that <u>Badgett</u> is persuasive on these facts and did not object to dismissal of the FMLA and state law claims.  For these reasons, this court will enforce the six month limitations clause in the Employment Agreement.  Accordingly, Plaintiff's FMLA, emotional distress, and wrongful termination claims will be dismissed as untimely.

**IV. Conclusion**

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion to Dismiss (Doc. 9) will be GRANTED in part and DENIED in part.  Plaintiff's claims of Title VII discrimination, violation of the FMLA, negligent infliction of emotional distress, and wrongful termination are DISMISSED.  The motion is DENIED as to Plaintiff's claim for retaliation under Title VII.

This the 30th day of September 2009.

*William L. Osteen, Jr.*
United States District Judge

12

Case 1:09-cv-00017-WO-PTS   Document 20   Filed 09/30/09   Page 12 of 12